

**FILED**

OCT 24 2017

JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

VIBGYOR OPTICAL SYSTEMS, INC.

No. 15 CR 18-1

Judge Elaine E. Bucklo

## PLEA AGREEMENT

This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, JOEL R. LEVIN, and defendant VIBGYOR OPTICAL SYSTEMS, INC., by its authorized representative, and its attorney, JOHN M. SCORSINE , is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.

Vibgyor Optical Systems, Inc. has executed a Corporate Authorization to Enter Plea on Behalf of Vibgyor Optical Systems, Inc. ("Authorization"), attached as Exhibit A, in which it appoints Bharat Verma, its owner and President, as the authorized representative of Vibgyor Optical Systems, Inc. and in which it authorized Bharat Verma and its attorney to enter a plea of guilty on its behalf.

The parties to this Agreement have agreed upon the following:

### Charges in This Case

1. The superseding indictment in this case charges defendant Vibgyor Optical Systems, Inc. with conspiracy to violate the Arms Export Control Act and to knowingly defraud the United States, in violation of Title 18, United States Code, Section 371 (Count One); unlawful export and attempt to export a defense article, in

violation of Title 22, United States Code, Section 2778(c) (Count Three); and international money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A) (Count Four).

2. Defendant's authorized representative has read the charges against defendant contained in the superseding indictment, and those charges have been fully explained to defendant's authorized representative by defendant's attorney.

3. Defendant's authorized representative fully understands the nature and elements of the crimes with which defendant has been charged.

## Charges to Which Defendant Is Pleading Guilty

4. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the superseding indictment: Count One, which charges defendant with conspiracy to violate the Arms Export Control Act and to knowingly defraud the United States, in violation of Title 18, United States Code, Section 371. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

5. Defendant will plead guilty because defendant is in fact guilty of the charge contained in Count One of the superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish defendant's guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

2

Beginning no later than on or about November 29, 2006, and continuing until at least on or about March 7, 2014, in the Northern District of Illinois, and elsewhere, defendant Vibgyor Optical Systems, Inc. conspired with others to: (a) commit an offense against the United States, namely, a violation of the Arms Export Control Act, in violation of Title 22, United States Code, Section 2778(c), in that said defendant conspired with others to: (i) knowingly and willfully export from the United States to the People's Republic of China a defense article subject to the United States Munitions List without first having obtained the required license or written approval from the Directorate of Defense Trade Controls; and (ii) knowingly and willfully import from the People's Republic of China to the United States a defense article subject to the United States Munitions Import List without first having obtained the required license or written approval from the Bureau of Alcohol, Tobacco, Firearms, and Explosives; and (b) knowingly defraud the United States by interfering with or obstructing a lawful government function, all in violation of Title 18, United States Code, Section 371.

More specifically, defendant was an Illinois corporation that served as a source for a wide range of optical components, subassemblies and systems for military, commercial, and medical instruments. Bharat Verma was defendant's owner and president.

Defendant supplied articles needed by the Department of Defense for military equipment. Defendant served as a subcontractor on the DOD contracts. The prime

3

contractor on the DOD contract entered into an agreement for defendant to provide the article in the contract to the prime contractor and the prime contractor, in turn, supplied the article to the DOD. Defendant at times used brokers, including Brokers A and B, to obtain the articles defendant had agreed to provide to a prime contractor. The defendant, through Bharat Verma, knew by at least November 2006 that Broker A imported from a manufacturer in the People's Republic of China the articles Vibgyor ordered from Broker A.

On or about October 20, 2008, Bharat Verma registered the defendant and the defendant's officers with the Directorate of Defense Trade Controls in order to export defense articles on the United States Munitions List. The defendant, through Bharat Verma, knew through this registration process that defendant could not export defense articles, including technical data, without a license, and that defendant could not export defense articles, including technical data, to a prohibited country such as China. The defendant, through Bharat Verma, renewed defendant's DDTC registration in November 2009 and May 2011. The defendant, through Bharat Verma, stated on each DDTC registration that defendant's business included optical parts and lenses on the United States Munitions List. The defendant, through Bharat Verma, knew by at least February 2010 about negative repercussions to the defendant's business if he or the defendant were caught using parts manufactured in China to fulfill a DOD contract.

4

The defendant, through Bharat Verma, and other individuals agreed between at least November 29, 2006, until at least on or about March 7, 2014, to export defense articles, including technical data, on the United States Munitions List from the United States to the People's Republic of China without obtaining the required export license for each defense article, and to import defense articles on the United States Munitions Import List from China into the United States without obtaining the required permit. The defendant did not obtain the required licenses or permits in each instance because the defendant wanted the defense articles it supplied to prime contractors to be manufactured in China and it knew, through Bharat Verma, that it could not obtain approval for exports of defense articles to or imports of defense articles from China. In November 2008, Bharat Verma submitted to ATF an "Application and Permit for Importation of Firearms Ammunition and Implements of War" pertaining to "110 lenses and other accessories" that were in a singular shipment, DHL #1952113763. Bharat Verma later sent an email to ATF stating that the parts "were for lab equipment and also used as magnifiers." ATF returned Bharat Verma's application as "no permit required" and the shipment was released to the defendant. However, this permit did not extend beyond the singular shipment identified.

On or about December 18, 2012, the defendant, through Bharat Verma, entered into an agreement with Defense Contractor C to produce 375 eyepiece assemblies for use by Defense Contractor C to fulfill DOD Contract No. SPM7M1-13-

M-0840. While the defendant never received a written request for quotation form sent from Defense Contractor C, Defense Contractor C identified the end use of the part in Defense Contract No. SPM7M1-13-M-0840 as an "M1 Tank," and that application was known to the defendant, through Bharat Verma.

The eyepiece assembly and component parts were contained in Category VII of the United States Munitions Import List. The defendant, through Bharat Verma, acknowledges that the technical data for the completed eyepiece assembly and each of its component parts constituted defense articles, and that this was known to defendant, through Bharat Verma, although the specific category of the United States Munitions Import List upon which the assembly and its components fell was not.

The defendant, through Bharat Verma, caused the eyepiece assemblies Vibgyor provided to Defense Contractor C to fulfil DOD Contract No. SPM7M1-13-M-0840 to be assembled from component parts that were manufactured in China. The actual assembly of the eyepiece assembly was completed by the defendant, with some 70% of the component parts having been of Chinese origin and those component parts having been manufactured in accordance with technical data exported to Chinese manufacturers by the defendant without proper permits and licenses. Brokers A and B brokered the production of the eyepiece assemblies' component parts in China on the defendant's behalf. The eyepiece assemblies' component parts were shipped by the Chinese manufacturer to Broker A. Broker A shipped the eyepiece assemblies' component parts to Broker B. Broker B shipped the eyepiece assemblies' component

6

parts to the defendant, where final assembly of the eyepiece assembly was accomplished at the defendant's business location in Arlington Heights, Illinois.

The defendant then shipped the eyepiece assemblies to Defense Contractor C for delivery to the DOD-designated location. The defendant sent Defense Contractor C eyepiece assemblies in a series of five shipments between March 2013 and March 2014. The defendant, through Bharat Verma, did not disclose to Defense Contractor C that the component parts of the eyepiece assemblies were manufactured in China and that neither the defendant nor Bharat Verma had an import license. The defendant, through Bharat Verma, did not apply for nor receive from the Bureau of Alcohol, Tobacco, Firearms and Explosives a permit to import the components for the eyepiece assemblies that the defendant provided to Defense Contractor C to fulfill DOD Contract No. SPM7M1-13-M-0840. Although Bharat Verma did apply for the permit in November 2008 which was returned as "no permit required" as to a singular shipment, DHL #1952113763, this permit did not extend beyond the singular shipment identified, and did not extend to all of the component parts of the eyepiece assemblies.

## Maximum Statutory Penalties

6.      Defendant's authorized representative understands that the charge to which the defendant is pleading guilty carries the following statutory penalties:

7

     a.     A term of probation of up to five years.

     b.     A maximum fine of $500,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater.

     c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $400 on the charge to which the defendant has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

7.     Defendant's authorized representative understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant; (iii) the kinds of sentences available; and (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

8.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2016 Guidelines Manual.

b. Restitution is not in issue in this case and therefore restitution pursuant to Guideline § 8B1.1 is not appropriate.

c. A remedial order pursuant to Guideline § 8B1.2(a) is not appropriate.

d. Community service pursuant to Guideline § 8B1.3 is not appropriate.

e. An order of notice to victims pursuant to Guideline § 8B1.4 is not appropriate.

f. Pursuant to Guideline § 8C2.1, the provisions of Guideline §§ 8C2.2 through 8C2.9 do not apply because the applicable guideline offense level for Count One is determined under Guideline § 2M5.2.

g. Defendant has the ability to pay a fine and thus, pursuant to Guideline § 8C2.10, a fine is appropriate and should be determined by applying the provisions of 18 U.S.C. §§ 3553 and 3572.

h. A term of probation is necessary to reduce the likelihood of future criminal conduct pursuant to Guideline § 8D1.1(a)(6). The term of probation shall be

at least one year but not more than five years pursuant to Guideline § 8D1.2(a)(1) because the offense of conviction is a felony.

i. Defendant's authorized representative and defendant's attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant's authorized representative understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant's authorized representative understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw its plea on the basis of the Court's rejection of these calculations.

9. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by

such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10.     Each party is free to recommend whatever sentence it deems appropriate.

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant's authorized representative further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Defendant's authorized representative agrees to pay the special assessment of $400 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13.     Defendant's authorized representative agrees that the United States may enforce collection of any fine imposed in this case pursuant to Title 18, United States Code, Sections 3572 and 3613, notwithstanding any payment schedule set by the Court.

14.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the superseding indictment, as well as the original indictment as to defendant.

## Forfeiture

15.     Defendant's authorized representative understands that by pleading guilty, defendant will subject to forfeiture to the United States all right, title, and interest that defendant has in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense.

16.     Defendant's authorized representative agrees to the entry of a money judgment against Vibgyor Optical Systems, Inc. in an amount to be determined by the Court at sentencing.

17.     Defendant's authorized representative understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

18.     Defendant's authorized representative agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

19.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in *United States v. Vibgyor Optical Systems, Inc.*, case number 15 CR 18-1.

20.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

21.     Defendant's authorized representative understands that by pleading guilty defendant surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against it, and if it does, it would have the right to a public and speedy trial.

13

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant's authorized representative, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.      If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant's authorized representative and its attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict defendant unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

14

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

b.      **Waiver of appellate and collateral rights**. Defendant's authorized representative further understands defendant is waiving all appellate issues that might have been available if defendant had exercised its right to trial. Defendant's authorized representative is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal its conviction and the sentence imposed. Acknowledging this, defendant's authorized representative knowingly waives the right to appeal defendant's conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant's authorized representative also waives defendant's right to challenge defendant's conviction and sentence, and the manner in which the sentence was determined, in

15

any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

c.      Defendant's authorized representative understands that by pleading guilty defendant is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

22.     Defendant's authorized representative understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

23.     Defendant's authorized representative agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and

the United States Attorney's Office regarding all details of defendant's financial circumstances, including defendant's recent income tax returns as specified by the probation officer. Defendant's authorized representative understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24.    For the purpose of monitoring defendant's compliance with its obligations to pay a fine during any term of probation to which defendant is sentenced, defendant's authorized representative further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of probation to which defendant is sentenced. Defendant's authorized representative also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

25.    Defendant's authorized representative agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is

liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26.  Defendant's authorized representative understands that Title 10, United States Code, Section 2408 provides for a mandatory term of debarment of at least five years for any individual convicted of fraud or other felony arising out of a contract with the Department of Defense. The term of debarment may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. Defendant's authorized representative understands that defendant may be subject to administrative action by other federal or state agencies, based upon the conviction resulting from this Plea Agreement and upon grounds other than Title 10, United States Code, Section 2408. This Plea Agreement in no way controls whatever action, if any, other agencies may take. Defendant's authorized representative nevertheless affirms that defendant wants to plead guilty regardless of the debarment or administrative action consequences of defendant's plea.

## Conclusion

27.  Defendant's authorized representative understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28.  Defendant's authorized representative understands that defendant's compliance with each part of this Agreement extends throughout the period of defendant's sentence, and failure to abide by any term of the Agreement is a violation

18

of the Agreement. Defendant's authorized representative further understands that in the event defendant violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant's authorized representative understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30. Defendant's authorized representative and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31.     Defendant's authorized representative acknowledges that he has read this Agreement and carefully reviewed each provision with defendant's attorney. Defendant's authorized representative further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement on defendant's behalf.


AGREED THIS DATE: _October 24, 2017_


_[signature]_ _____         _[signature]_ _____
JOEL R. LEVIN                                  VIBGYOR OPTICAL SYSTEMS, INC.
Acting United States Attorney                  Defendant

_[signature]_ _____         _[signature]_ _____
BOLLING W. HAXALL                              JOHN M. SCORSINE
Assistant U.S. Attorney                        Attorney for Defendant

_[signature]_ _____
DIANE MacARTHUR
Assistant U.S. Attorney

_[signature]_ _____
SHOBA PILLAY
Assistant U.S. Attorney

# Corporate Authorization
## To Enter Plea On Behalf
## of Vibgyor Optical Systems, Inc.

**Whereas,** the United States of America, hereinafter "the Government", has brought criminal charges against the above-named defendant, hereinafter "Defendant," in the criminal case listed above;

**Whereas,** Defendant desires to resolve the charges by entering a plea of guilty and withdrawing any previously entered plea of "not guilty;" and,

**Now, Therefore,** it is Resolved that Defendant appoints its owner and President, Bharat Verma, as its authorized representative, and grants the authorized representative and its attorney or attorneys to enter a plea of "guilty" to Count One of the Indictment and to withdraw any previously entered plea of "not guilty" on terms and conditions as set forth in the plea agreement, attached.

In support of its request to enter a plea of "guilty," Defendant acknowledges the following:

A.  The Government has charged the Defendant pursuant to an indictment in case number 15 CR 18, filed in the Northern District of Illinois.
B.  The Defendant has received a copy of the Indictment.
C.  The Defendant's entry of a plea of "guilty" is voluntary and not based on any representations or promises made to Defendant, other than those contained within the plea agreement, attached.
D.  By entering its plea the Defendant is knowingly and voluntarily giving up the following rights: 1. Its right to have its case tried to a jury; and 2. Its right not to make a statement or to testify against itself; and 3. Its right to use compulsory process to summon witnesses to testify in its defense and its right to confront witnesses who testify against it; and 4. Its right to be found not guilty unless the Government proves its guilt beyond a reasonable doubt at trial.

**It is Further Resolved** that Defendant's authorized representative and its attorney or attorneys may on behalf of Defendant appear in court to enter a plea of "guilty" for Defendant and may execute and deliver all documents or instruments as are necessary to the entry of the plea.

Signed this 24th day of October, 2017, by an officer of Defendant with authority to sign this Corporate Authorization.

_____
Signature
Bharat "Victor" Verma
President

**EXHIBIT A**