NF

AO 245F   (Rev. 12/03) Amended Judgment in a Criminal Case for Organizational Defendants
Sheet 1                                                                                  (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Northern _____ District of _____ Illinoiss

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>VIBGYOR OPTICAL SYSTEMS INC | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants) |

**Date of Original Judgment:**   8/15/2018
(or Date of Last Amended Judgment)

CASE NUMBER:   1:15-CR-00018(1)

Keri A Ambrosio and  Hannah Valdez Garst
Defendant Organization`s Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT ORGANIZATION:

☑ pleaded guilty to count(s)   1 of the Superseding Indictment, as modified by the merger of counts as set forth in the
Court Order of 2/3/2017- Document no. 127

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States/Conspiracy to<br>Violate the Arms Export Control | 3/7/2014 | 1 |

The defendant organization is sentenced as provided in pages 2 through   2   of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☑ Count(s)   2, 3 and 4 _____   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in  economic circumstances.

Defendant Organization`s
Federal Employer I.D. No.:   36-3587027

Defendant Organization`s Principal Business Address:

1140 Phelps Avenue
Arlington Heights, IL 60004

9/12/2018
Date of Imposition of Judgment

_Signature of Judge_

Hon. Elaine E. Bucklo                    U.S. District Judge
Name of Judge                              Title of Judge

9/13/18
Date

Defendant Organization's Mailing Address:

1140 Phelps Avenue
Arlington Heights, IL 60004

AO 245F    (Rev. 12/03) Amended Judgment in a Criminal Case for Organizational Defendants
           Sheet 4 — Schedule of Payments                                                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT ORGANIZATION:  VIBGYOR OPTICAL SYSTEMS INC          Judgment — Page __2__ of __2__
CASE NUMBER:  1:15-CR-00018(1)

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are be due as follows:

A  ☑  Lump sum payment of $ __400.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C or  ☐ D below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C or  ☐ D below; or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant numbers), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐  The defendant organization shall pay the cost of prosecution.

☐  The defendant organization shall pay the following court cost(s):

✱ ☑  The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

    See attached: PRELIMINARY ORDER OF FORFEITURE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

sxb

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ) 
                                  )     No. 15 CR 18-1
       v.                  ) 
                                    )     Judge Elaine E. Bucklo
                                    )
VIBGYOR OPTICAL SYSTEMS, INC.    )

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 28, United States Code, Section 853(p), and Federal Rules of Criminal Procedure 32.2.

(a)      On January 13, 2016, a superseding indictment was returned charging defendant VIBGYOR OPTICAL SYSTEMS, INC. with conspiracy to violate the Arms Export Control Act and to knowingly defraud the United States, in violation of 18 U.S.C. § 371 (Counts One and Two), unlawful export and attempt to export a defense article, in violation of 22 U.S.C. § 2778(c) (Count Three) and international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Four). The indictment also alleged that any property constituting and derived from proceeds traceable to such offenses was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. 982(a)(1).

(b)      On October 24, 2017, pursuant to Fed. R. Crim. P. 11, defendant VIBGYOR OPTICAL SYSTEMS, INC. entered a voluntary plea of guilty to Count One of the superseding indictment charging defendant with a violation of 18 U.S.C. § 371.

(c)      Pursuant to the terms of the plea agreement and as a result of its violation of 18 U.S.C. 371, defendant VIBGYOR OPTICAL SYSTEMS, INC. agreed that funds in an amount to

be determined by the Court at the time of sentencing, are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 371.

(d)     Defendant VIBGYOR OPTICAL SYSTEMS, INC. further agreed to the entry of a personal money judgment in an amount to be determined by the Court at the time of sentencing, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(e)     Pursuant to the terms of the preliminary order of forfeiture if any of the funds in the amount of the personal money judgment entered against defendant VIBGYOR OPTICAL SYSTEMS, INC. as a result of any act or omission of the defendant:

1.      cannot be located upon the exercise of due diligence;

2.      has been transferred or sold to, or deposited with, a third party;

3.      has been placed beyond the jurisdiction of the Court;

4.      has been substantially diminished in value, or

5.      has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant VIBGYOR OPTICAL SYSTEMS, INC. up to the value of the personal money judgment pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the personal money judgment ordered by the Court.

(f)     In accordance with this provision, the following property owned by the defendant has been identified as a substitute asset available to be applied in partial satisfaction of the personal money judgment:

2

(1)     Fifth Third Bank account number xxxxxx8216 held in the name of VIBGYOR OPTICAL SYSTEMS, INC. ("the Fifth Third account").

(g)     Pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the United States requests that this Court enter a preliminary order of forfeiture as to the foregoing property in partial satisfaction of the personal money judgment.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.      That, a personal money judgement is entered against defendant VIBGYOR OPTICAL SYSTEMS, INC. in the amount of $430,701.12, to be joint and several to the money judgment entered against Bharat Verma, 15 CR 18-2;

2.      That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, all right, title and interest of defendant VIBGYOR OPTICAL SYSTEMS, INC. in the foregoing funds, and the Fifth Third account, is forfeit to the United States for disposition according to law;

3.      That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the U.S. Customs and Border Protection shall seize and take custody of the foregoing property for disposition according to law;

4.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), the United States shall publish notice of this order and of its intent to dispose of the property according to law. Upon entry of a preliminary of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so

3

notified including, but not limited to: Bharat Verma, Anuradha Verma, Urvashi Verma, Siddharth Verma and Shelly Verma.

5.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within 30 days of the final publication of notice or this receipt of notice under paragraph four, whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

6.      That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

7.      Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant VIBGYOR OPTICAL SYSTEMS, INC. and shall be made part of any judgment and commitment order entered in this case against him;

8.      That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

Entered:

ELAINE E. BUCKLO
United States District Judge

DATED: 8/15/2018

4

AO 245E   (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
          Sheet 1

# UNITED STATES DISTRICT COURT

Northern _____ District of _____ Illinois

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Organizational Defendants) |
| VIBGYOR OPTICAL SYSTEMS INC. | CASE NUMBER: 1:15-CR-00018(1) |
| | Keri A Ambrosio  and Hannah Valdez Garst |
| | Defendant Organization's Attorney |

## THE DEFENDANT ORGANIZATION:

☑ pleaded guilty to count(s)   1 of the Superseding Indictment, as modified by the merger of counts as set forth in the Court Order of 2/3/2017- Document no. 127

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Violate the Arms Export Control and Defraud the United States | 3/7/2014 | 1 |

The defendant organization is sentenced as provided in pages 2 through ___2___ of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☑ Count(s)  2, 3 and 4 _____     ☐ is   ☑ are  dismissed on the motion of the United States.

   It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I D. No.   36-3587027

Defendant Organization's Principal Business Address:

1140 Phelps Avenue
Arlington Heights, IL 60004

8/15/2018
Date of Imposition of Judgment

_signature_
Signature of Judge

Hon. Elaine E. Bucklo               U.S. District Judge
Name of Judge                       Title of Judge

8/24/18
Date

Defendant Organization's Mailing Address

1140 Phelps Avenue
Arlington Heights, IL 60004

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 2 — Probation

DEFENDANT ORGANIZATION: VIBGYOR OPTICAL SYSTEMS INC.
CASE NUMBER: 1:15-CR-00018(1)

Judgment—Page __2__ of __6__

# MANDATORY CONDITIONS OF PROBATION PURSUANT TO AO245E and 18 U.S.C. § 3563(a)

The defendant organization is hereby sentenced to probation for a term of : FIVE (5) YEARS as to Count 1 of the Superseding Indictment, as modified by the merger of counts as set forth in the Court Order of 2/3/2017 - Document no. 127.

1) The defendant organization shall not commit another federal, state or local crime.

2) The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 2A — Probation

DEFENDANT ORGANIZATION:  VIBGYOR OPTICAL SYSTEMS INC.

CASE NUMBER:  1:15-CR-00018(1)

Judgment—Page __3__ of __6__

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3563(b) AND 18 U.S.C. § 3583(d)

(5)      the defendant organization shall refrain from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s): The defendant organization shall be debarred from entering into contracts with the Department of Defense pursuant to 10 U.S.C. §2408, unless the Secretary of Defense determines a waiver is in the interests of national security. The defendant organization shall knowingly enter into a contract for which the solicitation was made by the Defense Logistics Agency or any branch of the United States military, or for which a component of the Department of Defense is the end-user, unless the Secretary of Defense determines a waiver is in the interest of national security.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 2B — Probation

DEFENDANT ORGANIZATION:  VIBGYOR OPTICAL SYSTEMS INC.          Judgment—Page  __4__  of  __6__
CASE NUMBER:  1:15-CR-00018(1)

## SPECIAL CONDITIONS OF PROBATION PURSUANT TO 18 U.S.C. 3563(b)(22)

(6)    you shall provide a probation officer with access to any requested financial information necessary to monitor compliance with other conditions of probation.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: VIBGYOR OPTICAL SYSTEMS INC.

CASE NUMBER:  1:15-CR-00018(1)

Judgment — Page __5__ of __6__

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   400.00 | $   .00 | $   .00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $      0.00 | $      0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Sheet 4 — Schedule of Payments

| | |
|---|---|
| DEFENDANT ORGANIZATION: VIBGYOR OPTICAL SYSTEMS INC. | Judgment — Page **6** of **6** |
| CASE NUMBER: 1:15-CR-00018(1) | |

## SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ ___400.00___ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with  ☐ C or  ☐ D below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C or  ☐ D below); or

C  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.